TERESA LAMBOY ITHIER, demandante y apelante, *v.* THE NATIONAL FIRE INSURANCE COMPANY, representada por su apoderado y agente general, S. V. L. Lippitt, demandada y apelada.

No. 3845.—*Visto:* Marzo 25, 1926. *Resuelto:* Mayo 4, 1926.

1. SEGUROS—CANCELACIÓN, ENTREGA *(Surrender)*, ABANDONO O RESCISIÓN DE LA PÓLIZA — NOTIFICACIÓN DEL AVISO DE CANCELACIÓN — MOMENTO DESDE EL CUAL SURTE EFECTO.—Cuando un incendio ocurre en tiempo demasiado remoto al aviso de cancelación—al día siguiente del aviso—no puede sostenerse que dicho aviso fué dado en inminente peligro, por lo que el aviso surte efecto desde que se dió, de acuerdo con el contrato.

2. SEGUROS—ACCIONES SOBRE PÓLIZAS—DERECHO DE ACCIÓN.—Un asegurado a quien se le da un aviso razonable de la cancelación de su póliza no tiene derecho a recobrar las pérdidas sufridas por un incendio ocurrido en tiempo demasiado remoto al aviso, y menos aún cuando, como en el caso de autos, existe prueba sospechosa respecto al origen del fuego.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*R. Rivera Zayas* y *José S. Alegría,* abogados de la apelante; *O. B. Frazer* y *R. Castro Fernández,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este un caso sobre cobro de una póliza de seguro en que se declaró sin lugar la demanda y que por sus circunstancias especiales podemos distinguirlo del de *Catalina Beamud v. Porto Rico & American Insurance Company,* resuelto en el día de hoy.

En primer lugar, el apelante admite en su alegato que la demandante recibió el día anterior al siniestro una carta certificada en la cual se le notificaba la cancelación de la póliza. La autoridad para cancelar la compañía en cualquier tiempo, mediante aviso, se funda en una cláusula del contrato redactada en iguales o parecidos términos que la contenida en la del caso de Beamud, *supra.*

Aparece claro que el incendio ocurrió en un tiempo demasiado remoto al aviso para que sea posible sostener, como lo hace la apelante, que el aviso fué dado en inminente peligro de ser destruída la casa. El aviso en el caso de Beamud fué dado a las seis y media de la tarde y pocas horas antes de ocurrir el incendio. Sin nada que demostrara en dicho caso ninguna relación o colusión en los hechos por parte de la demandante y existiendo indicaciones por la compañía de que algo pudiera suceder a las pocas horas, ello equivaldría a decir que el peligro era más o menos inmediato o amenazante y sin oportunidad por la hora en que fué dado el aviso, de acudir a otra compañía aseguradora para obtener un nuevo seguro.

En segundo lugar, aunque la corte inferior se limitó a fundar su sentencia en la interpretación estricta del convenio, existe prueba, sin embargo, de ciertos hechos sospechosos que no presentan limpio este caso. Como quince días antes del siniestro, la casa contigua, también propiedad de la apelante, despedía un fuerte olor a gasolina y varios días tuvo que ser forzosamente vigilada por la policía. Tan luego la policía cesó en su vigilancia, salió el fuego de dicha

casa y se propagó, destruyendo la casa contigua cuyo seguro es objeto de este pleito.

Como cuestión de hecho aparece además que Kauffmann era socio de S. V. L. Lippitt, agente general de la compañía aseguradora, y éste después de investigar por sí mismo el caso, fué quien ordenó la cancelación, autorizando al primero por teléfono desde Mayagüez, donde radicaba la casa asegurada, para que diera el aviso cancelando la póliza en la forma que fué verificado.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Aldrey están conformes con la sentencia.